EMDAD HOSSAINUNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
TIANA SALTER,

                              Plaintiff,

                    -against-

UNITED STATES POSTAL SERVICE and
EMDAD HOSSAIN,

                              Defendants.
-------------------------------------------------------------------X

**COMPLAINT**

The plaintiff, complaining of the defendants, by attorney JEFFREY KIM, ESQ., respectfully alleges as follows:

1.      At all times hereinafter mentioned, the defendant, EMDAD HOSSAIN ("HOSSAIN" hereinafter), was a resident of the State of New York.

2.      At all times hereinafter mentioned, the defendant, UNITED STATES POSTAL SERVICE ("USPS" hereinafter), was the owner of a certain motor vehicle bearing Plate No. 3305280 registered under United States Post Office, 8840 164 Street, Queens County, New York.

3.      At all times hereinafter mentioned, plaintiff, TIANA SALTER ("SALTER" hereinafter), was and still is a resident of the County of Queens in the State of New York.

4.      At all times hereinafter mentioned, defendant, HOSSAIN, was an employee of the defendant, USPS.

5.      The jurisdiction of this court is invoked pursuant to 39 U.S.C. §409 - Suits by and against the Postal Service.

6.      That upon information and belief, at all times herein mentioned, plaintiff, SALTER, was the owner and operator of a certain motor vehicle bearing New York State Plate

No. UND3086 for the year 2020.

7.      That on the 25th day of July, 2020, at or near 109th Avenue and Union Hall Street, County of Queens, State of New York, defendant HOSSAIN negligently operated the herein described motor vehicle owned by defendant USPS during the course of defendant HOSSAIN's employment.

8.      That on the aforesaid date, there was physical contact between the vehicles operated by defendant HOSSAIN and the vehicle operated by plaintiff SALTER.

9.      That as a result of the foregoing, plaintiff SALTER sustained serious personal injuries, resulting in basic economic loss and non-economic loss, as defined under the Insurance Law of the State of New York and has the right of recovery against the defendants herein for personal injuries, basic economic loss and non-economic loss, pursuant to Sections 5102 and 5104 of the Insurance Law of the State of New York.

10.     That the instant action comes within one or more of the exceptions to CPLR 1601 as listed in CPLR 1602.

11.     That solely as a result of the foregoing, plaintiff SALTER was caused to be injured, suffered pain and incurred expenses for care and medical treatment.

12.     That prior hereto on or about August 5, 2020, and within the time prescribed by Federal Tort Claims Act, a sworn Notice of Claim stating, among other things, the time when and place where the injuries and damages were sustained, together with plaintiff's demands for adjustment thereof was duly served on the claimant's behalf on the defendant USPS.

13.     On or shortly after July 7, 2021 a claims denial letter dated July 7, 2021 from defendant USPS, wherein defendant USPS refused to acknowledge negligent act or omission on the part of the defendant USPS and injuries alleged by plaintiff SALTER were causally related to the

July 25, 2020 accident and denying legal liability, was received by plaintiff SALTER.

14.  Accordingly and pursuant to 28 U.S.C. §2401(b), this action is being commenced.

15.  Plaintiff demands trial by jury.

16.  Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

WHEREFORE, plaintiff SALTER demands judgment against the defendants, USPS and HOSSAIN, in the sum of ONE MILLION ($1,000,000.00) DOLLARS, all together with the costs and disbursements of this action.

Dated: Bayside, New York
        December 20, 2021

Yours, etc.

Jeffrey Kim (K1288)
JEFFREY KIM, P.C.
Attorney for Plaintiff(s)
42-40 Bell Boulevard
Suite 402
Bayside, New York 11361
(718) 428-4949